Francisco BALAM–RUIZ, a.k.a. Leonel
M. Deleon Roblero, a.k.a. Leonel M.
Roblero, a.k.a. Leonel Roblero, Peti-
tioner,

v.

U.S. ATTORNEY GENERAL,
Respondent.

No. 14–15101
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 26, 2015.

Juan Carlos Gomez, Coral Gables, FL,
for Petitioner.

David H. Wetmore, U.S. Department of
Justice, Oil, Office of Immigration Litiga-
tion, Washington, DC, Michelle Ressler,
District Counsel's Office Usice, Miami, FL,
for Petitioner.

Before HULL, MARTIN and
ANDERSON, Circuit Judges.

**PER CURIAM:**

Franciso Balam–Ruiz, a.k.a. Leonel De-
leon Roblero ("Deleon"), a citizen of Gua-
temala, seeks review of the Board of Im-
migration Appeals's ("BIA") final order
affirming the Immigration Judge's ("IJ")
denial of his application for withholding of
removal under the Immigration and Na-
tionality Act ("INA").[1]

Deleon's application claimed that he was
persecuted in Guatemala by the Mara Sal-
vatrucha street gang ("the Maras") be-
cause, as a catechist in his local Roman
Catholic Church, he had refused to join the
Maras and had preached to others in his
hometown not to join the Maras. The IJ
and the BIA denied Deleon's application,
concluding, *inter alia*, that Deleon had not
shown past persecution on account of a
protected ground.[2] Specifically, the IJ
and the BIA determined that Deleon was
not a member of a "particular social
group."

On appeal, Deleon argues that the BIA
erred in concluding that "religious teach-
ers who oppose gang membership and de-
ter other[s] from joining such gangs" are
not a "particular social group" within the
meaning of the INA. After review, we
deny Deleon's petition for review.[3]

1. The petitioner is referred to as Francisco
Balam–Ruiz, Francisco Milan–Ruiz, and Leo-
nel De Leon, among other variations,
throughout the administrative record. The
petitioner contends the name Francisco Ba-
lam–Ruiz, by which he was identified in his
Notice to Appear, was the name he used to
enter Mexico en route to the United States,
and that his real name is Leonel Deleon Ro-
blero. We refer to the petitioner as Deleon.

2. In the Immigration Court, Deleon also
claimed persecution on account of political
opinion and religion and alleged that, in addi-
tion to being targeted by the Maras, he was
threatened by the Pentecostals. Before this
Court, however, Deleon challenges the denial

of withholding of removal only with respect to
his claims of past and future persecution by
the Maras on account of his membership in a
particular social group. Deleon also does not
challenge the BIA's conclusions that his asy-
lum application was untimely and that he was
not entitled to relief under the Convention
Against Torture. Thus, Deleon has aban-
doned these claims. *See Sepulveda v. U.S.
Att'y Gen.*, 401 F.3d 1226, 1228 n. 2 (11th
Cir.2005).

3. Where, as here, the BIA did not expressly
adopt the IJ's decision or rely on his reason-
ing, we review only the BIA's decision. *See
Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341,
1350 (11th Cir.2009). We review *de novo* the

To qualify for withholding of removal, an applicant must establish that his "life or freedom would be threatened in [his] country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). The applicant must show that it is more likely than not that he will be persecuted on account of a protected ground if returned to his home country, and a showing of past persecution creates a rebuttable presumption that the applicant will likely be persecuted in the future. *Cendejas Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1308 (11th Cir.2013).

While Congress did not define the phrase "particular social group," the BIA formulated a definition in *Matter of Acosta*, 19 I. & N. Dec. 211 (BIA 1985), which this Court has concluded is entitled to *Chevron* deference. *See Castillo–Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1196–97 (11th Cir.2006) (affirming the BIA's conclusion that noncriminal informants working against the Cali drug cartel in Colombia are not a particular social group). Under the *Acosta* formulation, a "particular social group" means a group of persons who share a common characteristic that is immutable or fundamental to its members' individual identities or consciences. *Castillo–Arias*, 446 F.3d at 1193–94. Furthermore, the group must have sufficient "social visibility," and persecution based on membership in a particular social group should not be defined so broadly that it becomes "a catch-all for all groups who might claim persecution." *Id.* at 1196–97. Thus, a particular social group must not be too numerous and inchoate, and the group's defining attribute cannot be its persecution alone. *Id.* at 1198–99.

The BIA did not err in concluding that religious teachers in Guatemala who oppose gang membership and deter others from joining gangs are not a "particular social group" under the INA. According to the 2013 World Report for Guatemala, created by Human Rights Watch, transnational gangs such as the Maras carry out attacks on those who defy their control. Similar to the petitioners in *Castillo–Arias*, Deleon has not established that his purported social group was treated any differently by the Maras than any other individual in Guatemala that the gang perceives as interfering in its activities. *See id.* at 1198. Consequently, Deleon has not distinguished his particular social group from people who oppose criminal organizations generally, and this Court and the BIA have concluded that people who oppose criminal organizations do not constitute a particular social group. *See id.; Matter of S–E–G–*, 24 I. & N. Dec. 579, 581, 590 (BIA 2008) (addressing persons who resist the Maras in El Salvador); *Matter of E–A–G–*, 24 I. & N. Dec. 591, 594–95 (BIA 2008) (addressing persons who resist the Maras in Honduras). Contrary to Deleon's arguments, the defining attribute of his proposed particular social group is persecution by gangs, and the defining attribute of a particular social group cannot be persecution. *See Castillo–Arias*, 446 F.3d at 1198 (explaining that Colombian informants are not a "particular social group" because their "defining attribute is their persecution by the cartel").

For these reasons, the BIA did not err in denying Deleon's application for with-

BIA's legal conclusion as to whether an asserted group qualifies as a particular social group under the INA. *Castillo–Arias v. U.S.*

holding of removal.[4]

**PETITION DENIED.**

*Att'y Gen.*, 446 F.3d 1190, 1195 (11th Cir. 2006).

4. Because we affirm based on the BIA's conclusion that Deleon failed to show that the Maras's targeting of him was in the past, or will be in the future, on account of his membership in a particular social group, we do

not address Deleon's other arguments relating to persecution.